

IN THE CIRCUIT COURT OF ST. FRANCIS COUNTY, ARKANSAS
CIVIL DIVISION

**TIARA TERRY**  PLAINTIFF

VS.   CASE NO. 62CV-23-114-4

**BOBBY MAY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY
JOHNNIE JONES, INDIVIDUALLY,
FELICIA PHILLIPS, INDIVIDUALLY
NA'KEEM GILLON, INDIVIDUALLY
BRITTANY WESTBROOK, INDIVIDUALLY**  DEFENDANTS

## COMPLAINT

Come the Plaintiff, TIARA TERRY, by and through counsel, SUTTER & GILLHAM, P.L.L.C.; and, for this Complaint, she states:

### PARTIES & JURISDICTION

1. Plaintiff is a resident and citizen of St. Francis County, Arkansas, who brings this action to redress deprivations of her State Constitutional rights the Arkansas Civil Rights Act of 1993 and violation of the FOIA.

2. Defendant, Bobby May, is sued in his individual capacity and his official capacity as Sheriff of St. Francis County, Arkansas. Despite specific complaints, the Sheriff has failed to address the conditions of confinement alleged herein.

3. Defendant, Johnnie Jones, is sued in her individual capacity as Jail Administrator for St. Francis County, Arkansas. As Jail Administrator, she is a policymaker for the Sheriff. Indeed, the Sheriff has delegated the ability to make policy to Defendant Jones; and thus, has ratified her actions. Despite notice, the Sheriff has failed to take appropriate action to address the conditions of confinement alleged herein.

**EXHIBIT 1**

**FILED**
MAY 24 2023
TIME:_____M
ALAN T. SMITH, CLERK
ST. FRANCIS COUNTY



4. Defendants, Felicia Phillips, Na'Keem Gillon, and Brittany Westbrook, each are sued in their individual capacity and their official capacity as an employee of the St. Francis County Sheriff, Bobby May.

5. Since the acts given rise to this action arose in St. Francis County, venue is proper. This Court has subject matter jurisdiction, and this Court has personal jurisdiction over the parties. No federal claims are brought.

6. All actions were taken under color of law.

## COUNT I

7. Within the two (2) years preceding the filing of this Complaint, Plaintiff was incarcerated in the St. Francis County Jail.

8. While Plaintiff was incarcerated in the St. Francis County Jail, she was beaten, placed in a restraint chair for hours on end, denied female sanitary products, maced for no reason, and given dirty water to drink and dirty food to eat.

9. The Sheriff allows the restraint chair to be used for punishment.

10. The Sheriff allows the restraint chair to be used for hours without the ability to use the restroom, so inmates like the Plaintiff are forced to sit in their own waste and vomit.

11. The Sheriff allows the restraint chair to be used for hours without medical supervision.

12. The Sheriff allows the restraint chair to be used for hours without food or drink.

13. Each Defendant, acting in concert and conspiracy, took these actions to punish the Plaintiff.

14. On one occasion, Johnnie Jones maced the Plaintiff, for no reason other than for punishment.



15. On another occasion, Defendant, Johnnie Jones, placed Plaintiff in a restraint chair for hours on end, causing Plaintiff to remain in her own waste for hours.

16. Johnnie Jones also denied Plaintiff female sanitary products.

17. Indeed, Johnnie Jones would give Plaintiff dirty water to drink and dirty food to eat.

18. Further, on another occasion, Defendant, Felicia Phillips, walked up and slapped Plaintiff, while Plaintiff was handcuffed, causing Plaintiff unnecessary pain, humiliation, and emotional distress.

19. Plaintiff was then incarcerated again in May of 2023 and again treated the same way.

20. The Sheriff's policies or customs that caused Plaintiff's conditions of confinement were not reasonably related to a legitimate goal or were excessive as compared to that goal.

21. The Sheriff's policies or customs were arbitrary or excessive, so it is permissible to infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees.

22. Prior to being found guilty of any offense, Plaintiff was subjected to painful, unsanitary, and severe conditions and restraints for weeks for no reason.

23. Under the Arkansas Constitution, Due Process requires that a pretrial detainee *not be punished* prior to an adjudication of guilt in accordance with due process of law. But Plaintiff was subjected to cruel and unusual punishment.

24. As a result of Defendants' actions, Plaintiff has suffered severe mental, emotional, and physical distress.

25. The Defendants actions have been so egregious so as to warrant the imposition of punitive damages.

### COUNT II EXCESSIVE FORCE

26. Plaintiff realleges the foregoing against the Defendants as if more fully set out herein.

27. Upon information and belief, the Sheriff has failed to train its officers on the appropriate use of force; and, has allowed and enforced an informal custom of excessive force to exist within the department, such that the Sheriff's officers and jailers have subjected tens, if not hundreds, of American citizens to unconstitutional, excessive force.

28. Defendants maced or tazed Plaintiff in order to punish her.

29. The Sheriff has refused to train his employees in the appropriate use of force and the restraint chair.

30. By virtue of the facts alleged herein, Plaintiff had a clearly established right to be free from excessive force. Nonetheless, the Defendants used more force than was reasonably necessary.

31. As a result of Defendants' use of force, Plaintiff suffered severe mental, emotional and physical distress, and will continue to experience same in the future.

32. Defendants' actions have been so egregious so as to warrant the imposition of punitive damages and in their individual capacities as well as their official capacity under the Arkansas Civil Rights Act of 1993.

### COUNT III

33. Through Counsel, Plaintiff made a FOIA request to the Sheriff requesting personnel files and complaints of excessive force.

34. The Sheriff failed to respond.

## JURY DEMAND

35. Plaintiff prays for a jury trial.

WHEREFORE, Plaintiff, **TIARA TERRY** prays for an Order requiring the Sheriff to comply with the FOIA, for declaratory judgment in that Defendant's actions have violated Plaintiff's state constitutional rights granted to her; for appropriate compensatory and punitive damages against each Defendant exceeding One Million Dollars ($1,000,000.00); for attorneys' fees and costs; trial by jury; and, for all other proper relief.

Respectfully submitted,

By: _____
Luther Oneal Sutter, Esq., ARBN 95031
Lucien R. Gillham, Esq., ARBN 99199
Attorneys for Plaintiff
**SUTTER & GILLHAM, P.L.L.C.**
1501 N Pierce, Ste. 105
Little Rock, AR 72207
501/315-1910 – Office
501/315-1916 - Facsimile
Luther.sutterlaw@gmail.com
Lucien.gillham@gmail.com